IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARISSA POWELL, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, LP, and )<br>CHRISTOPHER ORSTADT, )<br>    Defendants. ) | CIVIL ACTION NO. 1:18-00018-N |

## NOTICE AND ORDER

This action is before the Court on the Plaintiff's motion to voluntarily dismiss Defendant Christopher Orstadt under Federal Rule of Civil Procedure 41(a)(2), which requests that "this Court to enter an Order granting her Motion to Dismiss…Orstadt from this case and dismissing all claims against him, without prejudice." (Doc. 13). Generally, "[t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). However, some courts of appeal have held that "if there is reason for a court to believe that it does not have subject matter jurisdiction, the court must address that issue before ruling on a motion for voluntary dismissal[, because] without subject matter jurisdiction, a district court c[an]not properly engage in the balancing process and exercise of discretion required by Rule 41(a)(2)." *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1342 (Fed. Cir. 2007) (citing *Shortt v. Richlands Mall Assocs.,*

*Inc.*, 922 F.2d 836 (4th Cir. 1990) (Table), 1990 WL 207354, at *4 (4th Cir. 1990) (per curiam) (unpublished)).[1]

This case was removed from state court under 28 U.S.C. § 1441(a), with diversity of citizenship under 28 U.S.C. § 1332(a) alleged as the sole basis for the Court's subject matter jurisdiction. However, "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The removing defendant admits that Orstadt, like the Plaintiff, was a citizen of Alabama at the time of removal, but argues that Orstadt's citizenship should be disregarded because he has been fraudulently joined. At present, the Court has made no ruling on the issue of fraudulent joinder, and the existence of complete diversity at the time of removal is in question.

Nevertheless, the undersigned notes that Orstadt has not yet served either an answer or a motion for summary judgment in this action; Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a plaintiff to dismiss an opposing party without

---

[1] *See also Harden v. Field Mem'l Cmty. Hosp.*, 265 F. App'x 405, 408 (5th Cir. 2008) (per curiam) (unpublished) ("Here, the district court had good reason to be concerned about its subject matter jurisdiction. Harden disputed the court's jurisdiction by moving to remand. Consequently, if the district court had considered Harden's motion to dismiss Quorum under Rule 41(a)(2) before deciding Harden's remand motion, it would have run the risk of acting without jurisdiction. Given these circumstances, we find that the district court did not err by first resolving its jurisdictional concerns by ruling on Harden's motion to remand before ruling on her Rule 41(a)(2) motion. *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1342 (Fed. Cir.2007) (finding that the district court erred when it granted the plaintiff's motion to dismiss under Rule 41(a)(2) without first resolving its subject matter jurisdiction concerns).").

a court order by filing a notice of dismissal "before the opposing party serves an answer or a motion for summary judgment."[2] *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant…"). "It is well established that Rule 41(a)(1)[(A)](i) grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. **The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence**." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (emphasis added). Accordingly, the Court treats Plaintiff's Rule 41(a)(2) motion (Doc. 13) as a Rule 41(a)(1)(A)(i) notice of dismissal of all claims against Defendant Orstadt without prejudice, effective immediately upon its filing.

Accordingly, the Clerk of Court is **DIRECTED** to terminate the Plaintiff's filing (Doc. 13) as an active motion, and to terminate Orstadt as an active party to this action. Orstadt's Rule 12(b)(6) motion to dismiss (Doc. 2), treated as a

---

[2] Orstadt has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 2), which the Court has treated as a motion for summary judgment under the procedure in Rule 12(d) (*see* Doc. 2). The undersigned does not deem that motion to be a motion for summary judgment served by Orstadt; thus, the Plaintiff's right to voluntarily dismiss him under Rule 41(a)(1)(A)(i) has not been extinguished.

motion for summary judgment (*see* Doc. 12), is therefore **MOOT**.[3]

**DONE** and **ORDERED** this the 1st day of March 2018.

                               */s/ Katherine P. Nelson*
                               **KATHERINE P. NELSON**
                               **UNITED STATES MAGISTRATE JUDGE**

---

[3] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned Magistrate Judge for all purposes, including entry of a final judgment, as set out in the Notice of Assignment to United States Magistrate Judge for Trial entered January 19, 2018. (Doc. 7). The Notice of Assignment informs the parties that they "have the right to have this action reassigned to a United States District Judge for trial and disposition." Inasmuch as no party, to date, has requested reassignment of this case to a District Judge, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation. *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where … the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.' *Id.* at 589–90, 123 S. Ct. 1696.").