# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CARISSA POWELL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 18-0018-WS-N |
| WAL-MART STORES EAST L.P., et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for leave to amend the complaint and to remand to state court. (Doc. 29). The entity defendant ("Wal-Mart") has filed a response and the plaintiff a reply, (Docs. 31, 32), and the motion is ripe for resolution.

The plaintiff filed suit in state court on December 14, 2017. (Doc. 1-1). The complaint alleges that the plaintiff was injured when she slipped on a liquid substance on the floor of Wal-Mart's establishment. The complaint alleges various forms of negligence, including: creating, causing or allowing a dangerous condition; failing to monitor and maintain the premises; allowing the plaintiff and others to use an unsafe area; and failing to warn the plaintiff of the condition. (*Id*. at 4-5). The complaint names as defendants: Wal-Mart; Christopher Orstadt (alleged to be the store manager at the time of the incident); and several fictitious defendants, including the person "who caused or created the dangerous condition" and the person "who maintained the premises where the injury occurred." (*Id*. at 1-2).

Wal-Mart timely removed. Upon review, the Court concluded that complete diversity existed, even though Orstadt and the plaintiff are both citizens of Alabama, because Orstadt had been fraudulently joined, given his unchallenged

testimony that he had been on leave for several months when the incident occurred. (Doc. 28). The plaintiff, conceding her mistake, voluntarily dismissed Orstadt as a defendant. (Docs. 13-14).

The plaintiff propounded discovery to Wal-Mart the same day she filed her complaint. (Doc. 29-2). Her interrogatories specifically asked Wal-Mart to identify the person responsible for cleaning, maintaining and/or inspecting the floors in the produce department at the time of the incident, as well as each person with knowledge of the subject incident, all managers and supervisors on duty at the time, and all persons with knowledge regarding the circumstances relating to the incident. (*Id*. at 6, 8). Wal-Mart removed without serving responses to this discovery.

In accordance with Rule 26(d)(1), discovery in federal court was restrained until February 27, 2018, when the parties conferred under Rule 26(f). (Doc. 15). Wal-Mart did not respond to the plaintiff's outstanding discovery requests, and the plaintiff re-served them on March 21, 2018. (Doc. 23; Doc. 29 at 2). Wal-Mart served its responses on April 20, 2018. (Doc. 27). The parties do not submit those responses or state specifically what they contained; however, Wal-Mart supplemented its discovery responses on May 18, 2018, in a short letter providing the current or last known addresses for individuals named in response to the plaintiff's fourth interrogatory (regarding the identity of persons with knowledge or information about the subject incident). (Doc. 29-3).

The instant motion was filed on May 31, 2018. The proposed amended complaint eliminates all fictitious defendants and names Omari Shaheed and Anjeana Patell (in addition to Wal-Mart) as defendants. (Doc. 29-5 at 1). The amended complaint identifies Shaheed as the produce manager and Patell as the employee in the produce department who created and/or failed to remedy the

hazardous condition at issue; both are alleged to be residents of Alabama. (*Id*. at 2).[1]

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). If joinder is allowed, remand is mandatory. *Ingram v. CSX Transportation, Inc*., 146 F.3d 858, 862 (11th Cir. 1998). The parties agree that the Court has discretion in the decision whether to allow joinder but that its discretion is to be guided by the following factors: "(1) the extent to which the amendment's purpose is to defeat federal jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff would be significantly injured if the amendment were disallowed; and (4) other equitable considerations." *Adams v. International Paper Co*., 2017 WL 1828908 at *3 (S.D. Ala. 2017).

Wal-Mart does not assert that the plaintiff's purpose in amending the complaint is to defeat federal jurisdiction, and it seems clear it is not. The original complaint, filed in state court, included fictitious defendants in the positions of Shaheed and Patell, and the plaintiff served discovery requests contemporaneously with the complaint in an effort to identify these persons by name. That is, it appears that the plaintiff at all times intended to sue these individuals once she determined who they were. The Court has so concluded on similar facts. *Sharp v. Wal-Mart Stores, Inc*., 2007 WL 215644 at *3 (S.D. Ala. 2007). As noted, Wal-Mart advances no argument to the contrary.

Wal-Mart does believe that the plaintiff was meaningfully dilatory in seeking amendment, but the Court cannot agree. The relevant delay, Wal-Mart says, is from April 20 – when Wal-Mart first served responses to discovery – to May 31, when the instant motion was filed. (Doc. 31 at 4). Wal-Mart's responses,

---

[1] For purposes of diversity jurisdiction, it is citizenship rather than residence that matters. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Because the parties agree that the joinder of these defendants would destroy diversity, it is clear they acknowledge that Shaheed and Patell are citizens of Alabama.

however, failed to include addresses, as the interrogatories requested.  Wal-Mart provided this information on May 18, and the instant motion was filed eight business days later.  As the Court has noted in a factually similar situation, without addresses it would be difficult to serve process, and "it was an entirely proper and appropriate strategy for plaintiff to attempt to procure those addresses before moving forward with the amendment." *Sharp*, 2007 WL 215644 at *3.  As in *Sharp*, the plaintiff pushed the defendant to provide the addresses, and Wal-Mart can scarcely be heard to complain that its dilatoriness in fully responding to discovery can be ascribed to the plaintiff.

Wal-Mart also suggests the plaintiff was dilatory in not discovering the identity of Shaheed and Patell in the two years between the subject incident and the filing of this lawsuit.  (Doc. 31 at 3-4).  Wal-Mart does not explain how the plaintiff should have discovered the identity of the person who created the slip hazard or of the produce manager on duty at the time of the incident; it certainly has not made the implausible suggestion that it would have volunteered the information had the plaintiff simply asked.  Nor do the two unpublished, lower court decisions on which Wal-Mart relies identify either the source or the extent of this asserted duty – posited but unsupported by any citation to relevant authority – to discover the identity of low-level employees (or former employees) of a large establishment before filing suit.[2]

Wal-Mart lists, without any discussion, multiple reasons the plaintiff will not be significantly injured if amendment is disallowed:  (1) the claims against all three defendants are substantially similar; (2) Wal-Mart can satisfy any judgment; (3) Shaheed and Patell are not indispensable parties; (4) discovery will not be negatively impacted by their absence; and (5) the plaintiff is free to sue them in state court.  (Doc. 31 at 4).  Wal-Mart's argument thus tracks precisely the

---

[2] One of Wal-Mart's cases simply cites the other, which in turn simply cites a case in which the new defendant's identity was in fact known to the plaintiff before suit was filed.

arguments advanced in *Sharp*, which the Court rejected. 2007 WL 215644 at *4. The Court does so again, for the reasons expressed in *Sharp*.

Neither party identifies any "other equitable considerations." Several of those identified in *Sharp*, however, apply here as well and further favor the plaintiff, including the "deleterious effects of duplicative litigation" and the absence of any indication that the plaintiff "has been manipulative, deceptive, or dilatory in any respect." 2007 WL 215644 at *5.

For the reasons set forth above, the plaintiff's motion for leave to amend the complaint is **granted**. The first amended complaint, (Doc. 29-5), is now the governing pleading. Because complete diversity is now lacking, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Baldwin County.

DONE and ORDERED this 26th day of June, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE